## Young v. Littlestown Area School District

*Gerald E. Ruth,* for plaintiff.
*John W. Phillips,* for defendant.

MacPHAIL, P. J., May 1, 1974.—This is an action in mandamus brought by a school teacher against a school board asking us to grant a writ which would compel defendant school board to tender a regular professional employe's contract to plaintiff for the school year 1972-73 and thereafter; to record the attainment of such status on their records; and to pay all lost wages, plus interest, due plaintiff as a result of defendant's failure to tender such regular contract. Defendant school board has filed preliminary objections in the nature of a motion to strike, a motion for a more specific pleading and a demurrer. Prior to argument, the motion to strike was withdrawn.

After we heard oral argument, a stipulation of counsel was filed whereby plaintiff withdrew her request that a professional contract be granted to her for years *after* 1972-73.

The complaint is skillfully drawn but, in our opinion, fails to meet the requirements of law which are necessary before we can give plaintiff the remedy she seeks. Section 1108 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §11-1108, provides that a temporary professional employe whose work has been certified "satisfactory" by the county or district superintendent to the secretary of the school district during the last four months of the second year of such service, shall be a professional employe and shall be entitled to a regular or "permanent" contract of employment. That section of the act further provides that

the attainment of this status shall be noted on the records of the board and notification thereof given to the employe. Plaintiff claims that she has qualified for a permanent contract under the provisions of this section of the law, but says that she has not been offered such a contract and that the school board has not given her any reasons in writing why they have not offered her a permanent contract. (Subsection (c) provides that any temporary professional employe who is not tendered a regular contract of employment at the end of two years of service, rendered as herein provided, shall be given a written statement signed by the president and secretary of the board of school directors and setting forth explicitly the reason for such refusal).

Defendant contends that plaintiff has failed to allege in her complaint an essential condition which must be satisfied before she is entitled to a permanent contract, to wit, a "satisfactory" rating by the district superintendent after two years of service as a temporary employe. What plaintiff has alleged in this respect is:

"The plaintiff has not received an unsatisfactory rating upon any State approved rating form in accordance with Sections 1108 and 1123 of the Pennsylvania School Code, 24 P. S. Section 11-1108 and 11-1123."

Prior to 1966, the controlling case in this matter was Maxwell v. Farrell School District Board of Directors, 381 Pa. 561 (1955), which held that a temporary professional employe could not become a professional employe "unless and until her work had been certified by the superintendent as satisfactory": Page 568. However, the Supreme Court in Elias v. Board of School Directors, 421 Pa. 260 (1966), held that where the teacher plaintiff had received *no* rating, she is entitled to a permanent contract because no rating is equivalent to a

satisfactory rating. Plaintiff here seeks to bring herself within the parameters of the Elias case.

Defendant points out, however, that plaintiff does not allege, as was true in the Elias case, that she received *no* rating. What she says in her complaint is that she did not receive an unsatisfactory rating "on an approved form." Section 1108 provides (in subsection (a)) that a temporary professional employe may not be dismissed unless he or she has received an unsatisfactory rating and that such rating shall be done as provided in section 1123 of the act. Section 1123, 24 PS §11-1123, provides that teachers shall be rated by "an approved rating system . . . in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of Public Instruction . . . " It is not crystal clear to this court that this section of the law requires that teachers be given their rating on particular forms. However, should that be the law, the Supreme Court of Pennsylvania in Mullen v. DuBois Area School District, 436 Pa. 211 (1969), commented in a footnote that the fact that ratings given to the teacher in that case were completed on inappropriate forms was of "no relevance." A similar point was raised in Johnson v. Board of School Directors of McGuffey School District, 57 D. & C. 2d 268 (1972), and President Judge Sweet, of the Washington County Court of Common Pleas, dismissed the issue out of hand, citing Mullen v. DuBois, supra. It would, indeed, be a perversion of the law if an incompetent teacher would be entitled to a permanent contract simply by virtue of the fact that unsatisfactory ratings were given on an improper form. The law should never be construed to compel an absurd or unreasonable result: Act of May 28, 1937, P.L. 1019, 46 PS §552, subsection (1).

Thus, we reach the conclusion that plaintiff has not

pleaded facts which entitle her to the relief she seeks. Defendant is well within its rights in contending that plaintiff must allege either that she received a satisfactory rating as provided under section 1108 of the Public School Code, supra, or that she received no rating, which would bring her within the holding of Elias v. Board of School Directors, supra. The form on which she receives any rating is not determinative of the validity of that rating in an action seeking to compel the school board to offer a permanent contract.

It follows that defendant's objections are valid. However, plaintiff must be given the opportunity to amend.

ORDER OF COURT

And now, May 1, 1974, defendant's preliminary objections are sustained. Plaintiff is given 20 days from this date to file an amended complaint.