Linda C. Young, Appellant *v.* Littlestown Area School District, Appellee.

Argued September 12, 1975, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three. Reargued March 2, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Gerald E. Ruth,* for appellant.

*John W. Phillips,* with him *Pyle and Phillips,* for appellee.

OPINION BY JUDGE ROGERS, May 26, 1976:

We are concerned in this matter with the already much litigated subjects of the rights of temporary professional employees of public school districts upon the completion of two years of service and of the means provided by law for determining the facts necessary for the determination of those rights.

The case is here on the appeal of Linda Young from an order of the Court of Common Pleas of Adams County, by Judge MACPHAIL, sustaining the preliminary objections of the Littlestown Area School District to, and dismissing, Ms. Young's amended complaint in mandamus. Ms. Young alleges in that complaint that she was employed by the appellee school district as a temporary professional employee and worked as such during the school years 1970-71, 1971-72 and 1972-73; that the district failed to give her a regular professional employee's contract or provide its reason for such failure although retaining her in employment for a third year; and that "[t]he [appellant] has not received a rating in accordance with Sections 1108 and 1123 of the Pennsylvania School Code, 24 P.S. §§11-1108 and 11-1124 (sic)[1]; ratings received were arbitrary and capricious and included improper criteria not required by law." Ms. Young sought an order compelling the school district to tender her a regular professional employee's contract. The court below dismissed the amended complaint because it inconsistently averred by the language above quoted that the plaintiff had not been rated and, in the alternative, that ratings given were arbitrary and capricious. Judge MACPHAIL depended in

---

1. The proper citation of the statutes intended to be here cited is Sections 1108 and 1123 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 11-1108 and 11-1123.

his ruling on a proper reading of the Supreme Court cases, which we refer to herein, holding that a temporary professional employee seeking a regular professional employee's contract in mandamus must aver either that he received a satisfactory rating or no rating at all. Judge MACPHAIL makes no mention of dicta in Supreme Court opinions antedating the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301 et seq., suggesting that relief might be available by mandamus if the plaintiff alleged and proved that unsatisfactory ratings were given fraudulently, arbitrarily or capriciously.

Because there has been so much litigation on the subject and because the effect of the Local Agency Law, which we believe to be crucial, has not been fully considered heretofore we will attempt a review of the law as we find it.

Section 1108 of the Public School Code of 1949, 24 P.S. §11-1108, provides:

"(a) It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing, of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. The rating of a temporary professional employe shall be done as provided in section one thousand one hundred twenty-three of this act.

"(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a 'profes-

sional employe' within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth.

"(c) Any temporary professional employe who is not tendered a regular contract of employment at the end of two years of service, rendered as herein provided, shall be given a written statement signed by the president and secretary of the board of school directors and setting forth explicitly the reason for such refusal.

"(d) Temporary professional employes shall for all purposes, except tenure status, be viewed in law as full-time employes, and shall enjoy all the rights and privileges of regular full-time employes."

In *Travis v. Teter,* 370 Pa. 326, 87 A.2d 177 (1952), a temporary professional employee sought an order in mandamus setting aside unsatisfactory ratings and directing the tender of a regular contract. She did not aver, and in the trial conducted by the lower court did not prove, that the rating was given fraudulently, arbitrarily, or capriciously, but relied on assertions of illegality in the process by which the rating was arrived at. The Supreme Court affirmed the lower court's entry of a judgment n.o.v. in favor of the defendant school district, declaring that the act of rating of temporary professional employees was one committed to the discretion of the appropriate school official and not reviewable by a court, absent fraud or arbitrary and capricious conduct; that

Section 1108 of the Public School Code of 1949 conferred no right on the temporary professional employee desiring to attain permanent status to a hearing at the school district level; and that the failure of the district to offer a hearing was not a violation of due process.

In *Maxwell v. Farrell School District Board of Directors,* 381 Pa. 561, 112 A.2d 192 (1955), a teacher employed for five consecutive school years and then terminated sought in mandamus to enforce her asserted right to be a regular professional employee. The Supreme Court affirmed the lower court's dismissal of the complaint on preliminary objections. The school district contended that the plaintiff was a substitute teacher not qualified to acquire tenure. The plaintiff insisted that she was a temporary professional employee and was entitled to permanent status because she had served more than two years and never been rated unsatisfactory. The Supreme Court held that the averments of the plaintiff's complaint were insufficient to take her out of the category of substitute teacher in which she was first engaged. It went on, however, to hold that even were the plaintiff a temporary employee, mandamus would not lie to compel the competent school officials to rate her performance as satisfactory and that the plaintiff was guilty of laches in not insisting on being rated during the early years of her employment. *Maxwell's* second holding at least implicitly sanctions the refusal of a district to tender a regular professional employee's contract to a temporary professional employee not rated satisfactory but continued in employment for a third year.

In *Elias v. Board of School Directors,* 421 Pa. 260, 218 A.2d 738 (1966), the Supreme Court reversed a lower court's dismissal of a complaint in mandamus brought by a temporary professional seeking reinstatement as a regular professional employee who had not been given any rating. The court distinguished *Maxwell* on the ground that in *Maxwell* the teacher had sought an order

requiring the school to rate her satisfactory, whereas in *Elias* the plaintiff sought a declaration that the failure to give any rating was tantamount to a satisfactory rating.

In *Mullen v. DuBois Area School District*, 436 Pa. 211, 259 A.2d 877 (1969), the Supreme Court affirmed an order in mandamus that the plaintiff be reinstated as a regular professional employee because an unsatisfactory rating of the plaintiff's performance as a temporary employee was made arbitrarily and capriciously.

In *Nicolella v. Trinity Area School District School Board*, 444 Pa. 544, 281 A.2d 832 (1971), a temporary professional employee dismissed at the end of his first year of a two year contract sought to mandamus a school district to reinstate him for the remainder of his two year contract. Hearings were conducted by the School Board and the lower court. The latter granted the School Board's motion to dismiss the complaint upon a finding that no basis existed for the plaintiff's contention that bad faith was involved in his dismissal. The Supreme Court affirmed, holding that mandamus *would not lie* to review the School Board's "proper exercise of its discretion to dismiss [the plaintiff]." 444 Pa. at 551, 281 A.2d at 835. The court held that Section 1108 of the Public School Code of 1949, 24 P.S. §11-1108, did not require the School Board to grant a hearing to a dismissed temporary professional employee.

The cases just discussed therefore clearly enough established the following principles applicable to pre-Local Agency Law cases: (1) mandamus would not lie to require the appropriate school officer to rate a teacher satisfactory; (2) mandamus would lie for reinstatement of a temporary professional employee as a regular professional employee where it was alleged that the unsatisfactory rating forming the basis of dismissal was given fraudulently, arbitrarily or capriciously; (3) mandamus would lie for reinstatement of a temporary professional

employee who had received no rating, because no rating should be considered a satisfactory rating; and (4) neither the Public School Code of 1949 nor the constitutional requirement of due process afforded the dismissed temporary employee a right to a hearing before the School Board.

The Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq., provided a right to a hearing before the local agency with respect to every adjudication and a right of appeal therefrom. *Nicolella v. Trinity Area School District School Board, supra,* concerned matters antedating the effective date of that Act. Justice ROBERTS, although recognizing that the Public School Code of 1949 provided the dismissed temporary professional employee with no right to a School Board hearing, noted that the matter of such a right would in future be required to be considered in the light of the Local Agency Law. The Commonwealth Court has since held that the Local Agency Law does confer the right to a Board hearing in such cases. *Kudasik v. Board of Directors, Port Allegheny School District,* 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976) ; *McKelvey v. The Colonial School District,* 22 Pa. Commonwealth Ct. 207, 348 A.2d 445 (1975) ; *Hutnik v. Duquesne School District,* 8 Pa. Commonwealth Ct. 387, 302 A.2d 873 (1973). Our reading of the cases decided before the enactment of the Local Agency Law compels the conclusion that the rule that mandamus would lie where the temporary professional employee alleged that his dismissal or the unsatisfactory rating on which it was based was the result of an act of bad faith or arbitrary and capricious action on the part of school authorities was developed to supply a necessary remedy not conferred by statute. We are further convinced that the Local Agency Law now provides a statutory remedy for contesting such ratings and dismissals in all cases and that mandamus will no longer lie in such cases. Where the temporary professional em-

ployee has been dismissed or not tendered a regular professional contract although he has received a satisfactory rating or has no rating, mandamus will still lie.

Reverting to the amended complaint filed in this matter, we observe that the appellant, Linda Young, seems to advance two bases for the order of reinstatement as a regular professional employee: (1) that the ratings of her performance, which we assume from the complaint (and are informed by briefs) were unsatisfactory for all three years of service, were not made in accordance with Sections 1108 and 1123[2] of the Public School Code of 1949 and were made arbitrarily and capriciously, and (2) that regardless of ratings actually received during the first two years, her employment by the School Board for a third year was tantamount to a satisfactory rating with the result that she was thereafter a regular professional employee, just as the teacher in *Elias v. Board of School Directors, supra,* became a regular professional employee as the result of the superintendent's failure to make any rating at all. Since, as we here hold, the Local Agency Law provides a plainly adequate remedy for the attack on the ratings on which the appellant's dismissal were based, mandamus does not lie for the redress of her complaints as to the ratings.

The appellant's second theory—that the fact of her employment for a third year alone entitled her to permanent status—is not the proper subject of a Local Agency Law proceeding. Section 2 of the Local Agency Law, 53 P.S. §11302, defines an adjudication as "any final order, decree, decision, determination or ruling affecting personal or property rights by a local agency." It is obvious that the appellant in this aspect of her case is not contesting a determination of the School Board; she

---

2. Section 1123, 24 P.S. §11-1123, sets out what should be considered, the forms to be used and the school personnel who shall be concerned in making ratings.

is merely saying that the Board's action in rehiring her produced the legal result that she has permanent status.

The policy considerations cut both ways; the possibility that school officials might give unsatisfactory ratings simply to keep satisfactory teachers on temporary status, should it be decided that the appellant remained a temporary employee, on the one hand, or that school officials would feel compelled to dismiss marginal temporary professional employees without a further opportunity to prove themselves, should it be decided that the effect of rehiring them would be permanent status, on the other. Judge MCPHAIL concluded on this issue that the mere rehiring of the appellant for the third year did not entitle her to permanent status and therefore sustained the demurrer. We agree. The only authority on the subject which we have found is the declaration in *Maxwell v. Farrell School District, supra,* that if the teacher in that case was a temporary professional employee as she asserted, she continued such during the five years of her service because she was not rated satisfactory. In any event, since, as we hereinafter hold, unsatisfactory ratings not followed by dismissal may be contested in a Local Agency Law proceedings, we discern no reason in policy for extending the *Elias* rule so as to give regular status to a temporary professional employee rated unsatisfactory but retained for another year.

As we have earlier noted, *Maxwell* contains the further holding that a temporary professional employee retained although not rated satisfactory may be guilty of laches in not contesting the Board's inaction. It is not clear what vehicle the *Maxwell* court believed was available to attack ratings alone, but since there was no statutory vehicle at that time we may assume that it had in mind mandamus. In any event, and regardless of what may or may not have been the appropriate remedy for contesting ratings before the Local Agency Law, it seems clear to us that that Act now provides a remedy for con-

testing unsatisfactory ratings not followed by dismissal. Section 1108 (d) of the Public School Code of 1949, 24 P.S. §11-1108 (d), requires the Board refusing to tender a regular contract at the end of two years to provide a written statement signed by the president and secretary setting forth the reason for such refusal. This action it seems to us is a determination by the Board affecting the employee's rights and therefore an adjudication within the meaning of the Local Agency Law. The temporary professional employee may thus have a School Board hearing and appeal therefrom. Employees can thus be safeguarded against being kept in "permanent" temporary status by School Boards and School Boards can thus retain an unsatisfactory temporary employee for another chance without peril of having created a permanent employee.

It is appropriate to mention with reference to hearings concerning temporary professional employees that the School Board should initially offer into the hearing record its records relevant to the contested unsatisfactory rating and consequent dismissal, if the latter resulted. *Kudasik v. Board of Directors, Port Allegheny School District, supra.* Since the actions of the superintendent and the School Board are entitled to a presumption of regularity, its records so admitted will establish the prima facie validity of the ratings and of any dismissal action based thereon. The temporary professional employee must then carry, as he heretofore was required to do in mandamus, the burden of showing that the ratings or the dismissal were arrived at fraudulently, arbitrarily, capriciously or in a manner contrary to law. A requirement that school authorities should at such hearings bear the burden of proving that the temporary professional employee's performance was not only rated as, but was in fact, unsatisfactory would eradicate the difference between the temporary professional employee refused a regular contract for unsatisfactory performance and the regular professional employee sought to be dis-

missed for incompetence under Section 1127 of the Public School Code of 1949, 24 P.S. §11-1127. The familiar procedures with respect to real estate assessment appeals furnish an appropriate model of the procedures we believe to be appropriate for application in Local Agency Law appeals by temporary professional employees. *See* for example *Appeal of Rieck Ice Cream Co.*, 417 Pa. 249, 209 A.2d 383 (1965).

To summarize our holdings:

(1) A dismissed temporary employee who has served two years and who has been rated satisfactory or not rated at all may sue in mandamus for reinstatement as a regular professional employee.

(2) A temporary employee who has been rated unsatisfactory during the last four months of the second year of service and dismissed is entitled to contest the dismissal in proceedings under the Local Agency Law.

(3) A temporary professional employee who has been rated unsatisfactory during the last four months of the second year of service but who has not been dismissed may contest the rating and assert his right to be tendered a regular professional contract by the means provided by the Local Agency Law. If he fails to contest the ratings or if his contest is unsuccessful he remains a temporary professional employee, but he may contest unsatisfactory ratings for the last four months of the third year and subsequent years, or any subsequent dismissal based on such rating, by the means provided by the Local Agency Law.

(4) An unsatisfactory rating for any period except the last four months of the second or of any subsequent year of service as a temporary employee, not followed by dismissal, is incontestable. A dismissal is always contestable under the Local Agency Law.

Returning again to the amended complaint, we observe that the appellant served as temporary employee for three years with the defendant district. The amended

complaint makes no mention of dismissal, although we learn from briefs filed in the court below that she was in fact dismissed after the third year apparently as the result of unsatisfactory ratings during the last four months of that year. She seems also to have received unsatisfactory ratings during the first two years of service. We also learn from briefs that the School Board offered a Local Agency Law hearing on the matter of the dismissal but that the appellant refused to participate because the Board did not accede to her counsel's position that by reason of her retention she was a regular professional employee not subject to dismissal for mere unsatisfactory ratings.

Since, as we have held, retention of a temporary professional employee who has been rated unsatisfactory during the last four months of the second year of service did not ipso facto give the plaintiff the status of a regular professional employee and since, as we have further held, the Local Agency Law provides an adequate remedy to test unsatisfactory ratings during the last four months of the second and subsequent years of such service, the lower court correctly sustained the district's demurrer to the suit in mandamus.

As the fact that we have conducted two arguments and the length of this opinion attest, the issues presented were not easy. We think that justice requires that the appellant be afforded a further opportunity, if she desires, to be heard on her complaints with regard to the ratings received during the last four months of her third year of service as a temporary employee.

We therefore affirm the lower court's order with direction to the appellee, Littlestown Area School District, to afford a hearing pursuant to the Local Agency Law with respect to the dismissal of the appellant and the unsatisfactory ratings which formed the basis for her dismissal.

———

DISSENTING OPINION BY JUDGE WILKINSON:

I must respectfully dissent. Judge ROGERS' thorough discussion of the law in this difficult area makes it unnecessary for me to do more than say that I would follow the decision of our Supreme Court in *Elias v. Board of School Directors*, 421 Pa. 260, 218 A.2d 738 (1966), holding that continuing a temporary professional employee beyond the two-year period is tantamount to a satisfactory rating and entitles the employee to a regular professional contract.

I agree that the statutory and case law are not clear. Nevertheless, I believe the temptation is too great to continue an unsatisfactory temporary professional employee on for more than two years with the teacher and the administrator putting off the fateful day of reckoning. It seems to me that such action does not serve the best interests of either party. This is attributing the highest motives to each. The potential for mischief, in the event either's motives are otherwise, is obvious and well-recognized in the majority opinion.