Gladys C. Hosler, Appellant *v.* Bellefonte Area School District, Michael Damon, Superintendent et al., Appellees.

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*William A. Hebe,* with him *Spencer, Gleason & Hebe,* for appellant.

*John R. Miller,* with him *Miller, Kistler & Campbell, Inc.,* for appellees.

OPINION BY JUDGE BLATT, November 13, 1978:

Gladys S. Hosler (appellant) appeals here from an order of the Court of Common Pleas of Centre County dismissing her action in mandamus.

The appellant had been employed as an art teacher by the Bellefonte Area School District (School District) under a temporary professional employe's contract for the 1969-70 and 1970-71 school years. During the first year, her performance was not evaluated by the School District Superintendent as provided in

Sections 1108 and 1123 of the Public School Code of 1949,[1] (School Code), 24 P.S. §§11-1108, 11-1123. During the second year she received an unsatisfactory rating by the Superintendent which was later ruled invalid when she filed an action in equity challenging it and which this Court on appeal ordered to be removed from her file because the evidence in the record did not warrant the Superintendent's finding. *Hosler v. Bellefonte Area School District,* 16 Pa. Commonwealth Ct. 610, 330 A.2d 275 (1975). Meanwhile, she had been notified by the School District that she would not be given a new contract of employment, and she filed an action in mandamus against the School District in 1973 seeking reinstatement. She twice amended her complaint, with the School District filing preliminary objections, and her complaint was finally dismissed by the court below in 1977. This appeal followed.

The appellant argues that two years of service as a temporary professional employe, absent a rating, is tantamount to having completed two years of satisfactory service and that she became a tenured professional employe at the conclusion of her two years of service without a rating so that the School District's refusal to continue her employment thereafter was in violation of Section 1108 of the School Code. This Section provides in pertinent part as follows:

> A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a 'professional employe' within the meaning of this article.

24 P.S. §11-1108(b).

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

Our Supreme Court has held in *Elias v. Board of School Directors*, 421 Pa. 260, 218 A.2d 738 (1966) that, although there were no affirmative satisfactory ratings during the last four months of service in the last year of employment, the absence of any ratings indicated that the performance of the employes there concerned was satisfactory and that they were entitled to professional employe contracts. The School District argues that this case must be distinguished from *Elias*, however, because the appellant here had no reason to conclude that her work was satisfactory. It argues that, under the Supreme Court's earlier decision in *Maxwell v. Farrell School District Board of Directors*, 381 Pa. 561, 112 A.2d 192 (1955), a temporary professional employe cannot become a professional employe until his or her work has been certified as satisfactory. We note, however, that the Supreme Court specifically stated in *Elias* that its *Maxwell* case was to be distinguished as standing for the proposition that the Court could not command the superintendent to rate an employe's work as satisfactory, that being beyond the limits of mandamus. *Elias v. Board of School Directors, supra,* 421 Pa. at 265, 218 A.2d at 741. Inasmuch as the appellant's unsatisfactory rating for her second year, therefore, cannot be considered here, because it was clearly void under *Hosler, supra,* she is in the position of having served two years without any valid rating, and this, as she has argued, was tantamount to having received a satisfactory rating. Accordingly, she became a professional employe and, at the time her second year of unrated service was completed, she was entitled to be issued a professional employe's contract under Section 1108 of the School Code.[2] *See Elias v. Board of*

---

[2] *See Department of Education v. Jersey Shore Area School District,* Pa. ., A.2d (1978) wherein our Supreme Court affirmed the conclusion of the Department of Education that

*School Directors, supra; Young v. Littlestown Area School District,* 24 Pa. Commonwealth Ct. 621, 358 A. 2d 120 (1976).

The Board argues that, even if the appellant did become a professional employe, her certificate as such would still be subject to annulment under Section 1121 of the School Code on the basis of immorality, and it contends in its brief that the District Superintendent "would not then nor would he now rate her services as satisfactory" in view of the hearsay evidence he had at the time he issued the rating. We make no comment on this contention nor will we determine here whether or not a teacher's habits or activities in private life, which have not been proven to affect her employment adversely, may constitute "immorality" so as to justify dismissal under the School Code, for that question is not now before us. The Board, of course, has the authority to dismiss the appellant or any other professional employe for any of the various reasons allowed by the School Code, if it follows the procedures set forth therein, but again, this issue, *i.e.,* the issue of the Board's right to dismiss a professional employe, is not before us now, either.

The appellant here was entitled to be tendered her professional employe contract when she completed two years of service without having had any valid ratings, and she is entitled to restoration to her position and to damages for lost salary together with any increments to her salary to which she would have been entitled had she continued in her position without interruption. *Mullen v. DuBois Area School District,* 436 Pa. 211, 217-18, 259 A.2d 877, 881 (1969).

The order of the lower court is reversed.

---

a teacher who had served two years without a written contract and who was never rated unsatisfactory, was entitled to "professional employee" status.

434

AND Now, this 13th day of November, 1978, the Order of the Court of Common Pleas of Centre County at No. 7 October Term, 1973, in the above-captioned matter, is hereby reversed and this case is hereby remanded for action consistent with this opinion.