Karen Kudasik, Appellant *v.* Board of Directors, Port Allegany School District, Appellee.

Argued October 31, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*William A. Hebe,* with him *Spencer, Gleason & Hebe,* for appellant.

*Edward N. Stoner,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE MENCER, February 5, 1976:

Karen Kudasik filed a petition in the Court of Common Pleas of McKean County captioned "Petition for Appeal from Final Adjudication under Section 7 of the Local Agency Law." Miss Kudasik was employed by the Port Allegany School District (School District) as a temporary professional employee on January 14, 1974. By letter dated July 10, 1974, she was notified by the School District that it had terminated her services as a consequence of her being rated unsatisfactory by the School District's superintendent. The unsatisfactory rating was dated July 8, 1974, and the July 10, 1974 letter of termination set forth the reasons for the unsatisfactory rating issued by the superintendent.

Miss Kudasik then requested a hearing in accord with the provisions of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. § 11301 et seq. The School District gave Miss Kudasik an opportunity to appear before its Board of Education at a special meeting held on September 11, 1974. Miss Kudasik was questioned by

her attorney, as was a witness called on her behalf, but neither was placed under oath. No transcript or record was made of the questions or answers, and the School District did not present witnesses or offer any evidence, but at the conclusion of Miss Kudasik's presentation, the School Board voted, in the presence of all assembled, to affirm its July 8, 1974 decision terminating the employment of Miss Kudasik.

The appeal to the trial court was based on alleged procedural defects in the so-called hearing held before the School Board on September 11, 1974. The trial court, after expressing doubt that the Local Agency Law applies to cases involving the discharge of temporary professional employees, found that the School District had not violated the provisions of the Local Agency Law and confirmed Miss Kudasik's termination by the School District and dismissed her petition of appeal. This appeal followed, and we reverse and remand.

We have previously declared that the Local Agency Law does provide a means for an appeal from a school district's decision to terminate the services of a temporary professional employee. *Smith v. Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A. 2d 883 (1974); *Hutnik v. Duquesne School District,* 8 Pa. Commonwealth Ct. 387, 302 A. 2d 873 (1973).

Section 4 of the Local Agency Law, 53 P.S. §11304, indicates a hearing as a prerequisite to a valid adjudication. In *Vandergrift Borough v. Polito,* 397 Pa. 538, 541-42, 156 A. 2d 99, 101 (1959), the Supreme Court stated that "[a] hearing necessarily requires notice and an opportunity to defend. That is what distinguishes it from an investigation. . . . '[A]ll parties must be apprised of the evidence submitted, and must be given opportunity to cross-examine witnesses; to inspect documents and to offer evidence in explanation or rebuttal according to well understood rules.' "

Here the School Board failed to present any evidence in support of its decision to terminate Miss Kudasik's services, and consequently she was unable to present evidence in explanation or rebuttal or to cross-examine witnesses. The prime function of any hearing procedure in the area of job dismissal is to require the agency employer to explain its action to the employee affected and to afford the employee the opportunity to present his position in light of such explanation.

An opportunity for a discharged employee to be heard is not equivalent to a hearing required by law to insure procedural due process. *Tassone v. Redstone Township School District,* 408 Pa. 290, 183 A. 2d 536 (1962). In the instant case, the School Board did not even concede that a hearing under the provisions of the Local Agency Law was required and viewed the proceedings at their special meeting on September 11, 1974 as merely an opportunity for Miss Kudasik to talk with the Board. We cannot conclude that such an opportunity to be heard is sufficient or tantamount to the hearing required by the Local Agency Law as a prerequisite to a valid adjudication.

The proper procedure to be followed would be for the School Board to present evidence in support of the reasons for the unsatisfactory rating issued by the superintendent relative to Miss Kudasik. Thereafter, she would have the opportunity to cross-examine the School Board's witnesses, to inspect any documents that were introduced, and to offer evidence in explanation or rebuttal.

Following such a hearing, the School Board is required by Section 6 of the Local Agency Law, 53 P.S. §11306, to render a written adjudication which shall contain findings and the reasons for the adjudication and which shall be served upon all parties or their counsel personally, or by mail. Such an adjudication containing necessary findings and reasons was not rendered in this case since, at the conclusion of Miss Kudasik's presenta-

tion at the September 11, 1974 meeting, the School Board simply voted to affirm its July 8, 1974 decision terminating the employment of Miss Kudasik.

Appellant urges us to reinstate her to her former position with "payment of lost salary and fringe benefits". We answer this request by repeating what we stated in *Shellem v. Springfield School District*, 6 Pa. Commonwealth Ct. 515, 520, 297 A. 2d 182, 185 (1972):

> "In Donnon v. Downingtown Civil Service Commission, 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971), we held that a borough police officer was not afforded the due process hearing before the Civil Service Commission to which he was entitled and that the case should properly be remanded for a hearing. Judge CRUMLISH, JR., speaking for this Court, aptly stated: '[T]his case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods have dictated a contingent reversal of the agency's decision. Remand for a proper hearing regardless of the result, insures the integrity of administrative process. Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598, 112 A. 2d 422 (1955); Vivio Motor Vehicle Operators License Case, 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966).' 3 Pa. Commonwealth Ct. at 370-71, 283 A. 2d at 94.

> "Our Supreme Court reasoned likewise in Vandergrift Borough v. Polito, supra, and recently in Brentwood Borough School District Appeal, 439 Pa. 256, 267 A. 2d 848 (1970), it vacated the order of the lower court which had required the Board of School Directors of Brentwood Borough to retain and reinstate the teacher-appellee as a professional employee and remanded the record to permit the teacher-appellee to request a hearing. We think such procedure is wise and controlling."

Accordingly, the order of the Court of Common Pleas of McKean County is reversed, and this case is remanded with directions that that court remand the matter to the Board of School Directors of the School District of Port Allegany for a hearing and further disposition not inconsistent with this opinion.