Janet M. Kasper *v.* Girard School District and the Girard School District Board of Education. Janet M. Kasper, Appellant.

Argued May 7, 1976, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Angelo P. Arduini*, with him *Shamp, Levin, Arduini and Hain*, for appellant.

*Daniel L. R. Miller*, with him *McClure, Dart, Miller & Kelleher*, for appellee.

OPINION BY JUDGE ROGERS, July 19, 1976:

This is the appeal of Janet M. Kasper, a former temporary professional employee of the Girard School District, from an order of President Judge CARNEY of the Court of Common Pleas of Erie County, dismissing her Local Agency Law[1] appeal from the Girard School Board's adjudication of her dismissal as a teacher. The appellant was given unsatisfactory ratings during the last four months of the second year of her service with the district and her dismissal was based on those ratings.[2]

The appellant raises two questions: the first, that the record establishes, contrary to Judge CARNEY's conclusion, that the appellant's unsatisfactory ratings were arbitrarily and capriciously given and her dismissal arbitrarily and capriciously accomplished; and the second, the familiar contention that the School Board's hearing did not afford her the due process of law.

We have so recently and so thoroughly treated the subject of the rights of temporary professional employees not tendered regular contracts upon the completion of their non-tenured service in *Young v. Littlestown Area School District*, 24 Pa. Commonwealth Ct. 621, 358 A.2d 120 (1976), that it is unnecessary to do more here than summarize what we pertinently

---

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

[2] Pursuant to Sections 1108 and 1123 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1108 and 11-1123.

said in that case: that before the enactment of the Local Agency Law it was and since, it remains, the law that a temporary professional employee contesting unsatisfactory ratings and consequent dismissal has the burden to prove that the ratings and dismissal were fraudulent, arbitrary, capricious, or unlawfully made. We have, as did President Judge CARNEY, dutifully reviewed the record of the hearings conducted by the School Board. It contains substantial evidence in support of unsatisfactory ratings in the following items prescribed for rating by the Department of Education: professional relationships, professional attitudes, planning and organization and habits of conduct. It also showed that the appellant's superiors responsible for the ratings made conscientious observations of the appellant's work and sincere suggestion for improvement. We find nothing in the record which suggests that the unsatisfactory ratings given the appellant by her supervisors were other than thoughtfully arrived at or that the action of the Board in dismissing her was the result of caprice or hostility, as the appellant contends.

The appellant's due process argument is totally without merit. The School Board, no doubt as the result of the advice of its able solicitor, recognized the appearance of unfairness created by its counsel both presenting the District's case and advising the Board during its hearings, and appointed another attorney as hearing examiner. The hearing was conducted with impeccable impartiality by the examiner.

The hearing examiner submitted a report to the Board in which he "humbly recommended" that the Board rescind its action dismissing the appellant on the ground that the School District had "not, in his view, carried the burden of proof imposed by the . . . Public School Code of 1949. . . ." We are not sure what burden the examiner thought the District had.

Under the law the District's burden was that of producing the records of the ratings and the persons whose observations of the appellant's performance formed their basis. *Kudasik v. Board of Directors, Port Allegheny School District,* 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976). We agree with Judge CARNEY that the Board, which had the sole authority in the matter, properly concluded that the Board's adjudication was supported by the evidence produced at the hearing and that the contested ratings and dismissal were not tainted by fraud or arbitrary, capricious or unlawful considerations.

ORDER

AND Now, this 19th day of July, 1976, the order of the lower court is affirmed.