Viola C. Rosso, Petitioner *v.* Board of School Directors of the Owen J. Roberts School District, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Robert M. Rowlands,* for petitioner.

*Lane H. Daylor,* with him *Kranzley, Wrigley, Yergey & Daylor,* for respondent.

OPINION BY JUDGE WILKINSON, JR., December 27, 1977:

Respondent dismissed petitioner as a professional employee on grounds of incompetency, pursuant to Section 1122 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122. The Secretary of Education (Secretary) dismissed petitioner's appeal. We affirm.

Petitioner had been employed by respondent as a French teacher since 1962. She received satisfactory ratings until the 1971-72 school year, when a new multi-level program for teaching French was intro-

duced throughout respondent's French classes.[1]    In March 1972, the district superintendent was notified that the petitioner's building principal recommended that petitioner be rated unsatisfactory, based on the principal's observations and those of an assistant principal who holds a master's degree in French.   The superintendent directed two other administrators to observe petitioner and did so himself on two consecutive days.   He then rated petitioner unsatisfactory for the 1971-72 school year.   He discussed the matter with petitioner and subsequently directed his subordinate administrators to develop a plan by which her performance could be improved.

During the following school year, the administrators again observed petitioner on several occasions and held numerous conferences with her.   While noting some improvement, each of the administrators felt that the problems of the previous year still generally persisted.   Among these were that petitioner failed to maintain a proper pace to insure that the scheduled program for the year would be completed; that she did not maintain lesson plans and keep her presentation organized; and that her method of instruction was unvaried, "teacher-dominated," and did not create an atmosphere conducive to learning.   Petitioner received a final unsatisfactory rating for the 1972-73 school year and was charged with incompetency in May 1973.

After a delay occasioned by petitioner's illness, respondent held hearings on September 18, 1973 and October 2, 1973.   Testimony from the five administrators who participated in the observation and rating process was offered.   Petitioner denied the charges

---

[1] In 1968 respondent dismissed petitioner on grounds unrelated to her teaching ability, *i.e.*, persistent lateness. That dismissal was reversed by the Superintendent of Public Instruction, now Secretary of Education, and petitioner was reinstated.

and testified that her effectiveness as a teacher was hampered by the fact that the textbook schedule was not designed for classes meeting only three times a week and in 1971-72 she did not receive enough text-books for her classes until approximately two months into the school year. She testified further that the superintendent failed to furnish anecdotal records immediately after petitioner was rated for 1971-72, as required by the Department of Education form on which the rating was recorded. Respondent nevertheless voted, 7-0, one member abstaining, to dismiss petitioner effective October 2, 1973. The appeal to this Court followed a hearing before a Department of Education hearing examiner and the Secretary's decision affirming respondent's action.

Petitioner claims that the failure to supply the anecdotal records at the time the 1971-72 rating was made renders that rating invalid.[2] Therefore, she claims her dismissal was invalid, because, disregarding the 1971-72 rating, only one proper unsatisfactory rating was made, which petitioner alleges is a violation of the Code. We do not agree. In *Board of School Directors of the Centennial School District v. Secretary of Education*, 31 Pa. Commonwealth Ct. 307, 311, 376 A.2d 302, 304 (1977), we observed, through Judge ROGERS, that "neither Section 1122 nor Section 1123 of the Code requires that two unsatisfactory ratings be given prior to dismissal for incompetency," and that the regulation upon which the Secretary based a requirement of two unsatisfactory ratings was invalid since it had not been filed pursuant to Section 208 of the Act of July 31, 1968, P.L. 769, *as amended,*

---

[2] The Secretary found that the anecdotal records for the 1971-72 unsatisfactory ratings were in fact supplied to petitioner by the school officials performing the ratings each time the rating occurred. He found that petitioner was fully apprised of the basis on which the unsatisfactory ratings were made.

45 P.S. §1208 (known as the "Commonwealth Documents Law"). Therefore, even if the petitioner was not supplied the anecdotal material on the 1971-72 rating, a point we need not reach, we cannot agree that there was a lack of strict compliance with the dismissal procedures mandated by the Code.

Nor can we agree with petitioner's claim that the Secretary's decision lacks the requisite substantial evidence. Each of the administrators testified that he felt petitioner was incompetent as a teacher and testified in detail as to his observations, the facts underlying his recommendation, and the efforts made to help petitioner improve her performance. Indeed, the Secretary stated:

> In our opinion, the conduct of the school administration in this case is above reproach. The school district's evaluation procedures are a model of how a professional employe should be rated. The evaluations occurred at two levels. At the first level is the principal; if he rates a professional employe unsatisfactorily, the matter is referred to the second level, the superintendent, for further evaluation. While a teacher might object to being rated so often in a short period of time by different persons, such a procedure is clearly in the employe's best interest since it brings into the evaluation different viewpoints, thereby lessening the influence personal bias and prejudice with respect to teaching methods can have. We are particularly impressed with the ratings made by Dr. Claypool in April, 1972, in which he recorded what was going on in the classroom at five minute intervals. This method of evaluation has given us the best picture of the learning atmosphere in a classroom that we have seen to date in an anecdotal record.

Accordingly, we will enter the following

## ORDER

Now, December 27, 1977, the order of the Secretary of Education in Teacher Tenure Appeal No. 236, dated August 3, 1976, sustaining the dismissal of petitioner Viola C. Rosso as a professional employee by the Board of School Directors of the Owen J. Roberts School District, is hereby affirmed.

