Robert Homan, Appellant *v.* Blue Ridge School District, Appellee.

Argued April 6, 1979, before Judges Crumlish, Jr., Rogers and Craig, sitting as a panel of three.

*Anthony D. Newman,* with him *Thomas W. Scott* and *Killian & Gephart,* for appellant.

*James A. Kelly,* for appellee.

Opinion by Judge Crumlish, Jr., August 15, 1979:

Robert Homan, a temporary professional employee for two years in the Blue Ridge School District (District), appeals its refusal to renew his contract for the 1977-78 school year and accord him tenure. He argues that the District's decision was based on evaluations and ratings of his performance that did not satisfy the requirements of Section 1123 of the Pub-

lic School Code of 1949 (Code),[1] 24 P.S. §11-1123, and was arbitrary and capricious.

Homan served as a junior high school guidance counsellor during the school years 1975-76 and 1976-77, after which the Superintendent of Schools, Dr. Emory Stanley, recommended to the Blue Ridge School Board (Board) that Homan's contract not be renewed because Homan's performance was unsatisfactory. As a result of his unsatisfactory ratings and the Board's acceptance of Stanley's recommendation, Homan was ineligible for tenured status as a professional employee. Section 1108(b) of the Code, 24 P.S. §11-1108(b). *See also DiCello v. Board of Directors of Riverside School District*, 33 Pa. Commonwealth Ct. 39, 380 A.2d 944 (1977).

Homan appealed the Board's determination. A hearing was held on the denial and testimony heard by the Board which thereafter adopted a resolution refusing to re-employ Homan. He then appealed to the Court of Common Pleas of Susquehanna County which affirmed the Board's adjudication.

On appeal, Homan raises several objections to the procedure used by the District in rating his performance. First, Homan challenges the competence of those who submitted ratings of his performance to Stanley: the Assistant Superintendent, Martin Monaghan, and William Printz, a Middle School Principal who is certified in counselling. Both of these men separately observed Homan teaching a full class and conversed with Homan and Homan's department head. Each gave Homan an over-all unsatisfactory rating in the areas of personality, preparation, technique and pupil reaction.

Section 1123 of the Code, 24 P.S. §11-1123, provides in pertinent part:

---

[1] Section 1123 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1123.

Rating shall be done by or under the supervision of the superintendent of schools or, if so directed by him, the same may be done by an assistant superintendent, a supervisor, or a principal who has supervision over the work of the professional employe or temporary professional employe who is being rated: Provided, that no unsatisfactory rating shall be valid unless approved by the district superintendent.

Here, the record indicates that Stanley had requested Printz and Monaghan to observe and rate Homan, that Stanley inquired as to the basis of their recommendations prior to his final approval of the ratings, and directly involved himself in Homan's rating in a manner that satisfied the requirements of Section 1123. Thus, Homan's argument that his ratings were made by incompetent personnel is without merit.

Secondly, Homan challenges the substance of the ratings because they are based in part on information obtained from his department head. This argument is similarly without merit and, in response thereto, we cite two recent decisions of this Court, *In Re: Appeal of Feldman,* 38 Pa. Commonwealth Ct. 634, 395 A.2d 602 (1978), and *Clark v. Colonial School District,* 36 Pa. Commonwealth Ct. 419, 387 A.2d 1027 (1978), wherein we held that authorized raters may base their ratings on the observations of other qualified observers.

Next, Homan challenges the timeliness of his ratings and notification thereof. The record reveals and the Board so found, that Homan was observed by Printz on March 21, 1977, and was informed by Printz on March 30, 1977, that his performance was unsatisfactory. Homan was observed by Monaghan on June 13, 1977, whose recommendation of an unsatisfactory rating was communicated to Homan on June 22, 1977. Stanley did not approve the ratings until June 30,

1977, at which time he gave a final rating of "unsatisfactory" to Homan's two years of employment in the District. Stanley mailed Homan a packet of materials on June 30, 1977, which included the observers' specific comments and a compilation of anecdotal notes regarding Homan's performance[2] and a recounting of the reasons for Stanley's approval of the unsatisfactory rating.

Homan invokes Section 11-1108(a), which provides in pertinent part as follows:

> (a)   It shall be the duty of the district superintendent to notify each temporary professional employe, *at least twice each year* during the period of his or her employment of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating. (Emphasis added.)

Homan argues that Stanley's failure to notify him regarding his progress on a semester-by-semester basis nullifies his ratings. The express language of Section 1108(a) forecloses his argument that ratings must be made on a semester-by-semester basis, and requires only that an employee be evaluated and notified of his rating twice a year. Even if we assume that the June 30, 1977 communication from Stanley constituted only one valid notification of Homan's unsatisfactory performance, we would not disturb the

---

[2] Homan further argues that his ratings were not accompanied by anecdotal notes as required by the Code. The record belies his contention. In the June 30, 1977, mailing from Superintendent Stanley, several specific instances which prompted the unsatisfactory ratings were detailed. These notes sufficed to apprise Homan of his individual deficiencies and satisfied the anecdotal notes requirement.

Board's decision because one unsatisfactory rating is ample justification for the Board's decision and a disqualification for tenure. *See Travis v. Teter,* 370 Pa. 326, 87 A.2d 177 (1952); *Rosso v. Board of School Directors of the Owen J. Roberts School District,* 33 Pa. Commonwealth Ct. 175, 380 A.2d 1328 (1977); *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974).

Section 1123 provides that no unsatisfactory rating shall be valid unless approved by the district superintendent. Homan's unsatisfactory rating was validated and finalized by Superintendent Stanley on June 30, 1977, and notification mailed to Homan the same day. Thus, Homan's notification fell within the statutory 10-day period set forth in Section 1108(a) and was timely.

Finally, Homan challenges the evidentiary support for the Board's determination which he characterizes as arbitrary and capricious.

Our scope of review is limited. We are required to affirm the local agency's determination unless the record reveals a violation of constitutional rights, an error of law or that the agency's necessary findings of fact are not supported by substantial evidence. *Acitelli v. Westmont Hilltop School District, supra.*

Here, the actions of the Board and the Superintendent are presumptively regular; the introduction of their records established *prima facie* the validity of the ratings and any action taken thereon. It is the burden of the temporary professional employee who is contesting his unsatisfactory rating to show that the ratings were made arbitrarily, fraudulently, or in manner contrary to law. *Young v. Littlestown Area School District,* 24 Pa. Commonwealth Ct. 621, 358 A. 2d 120 (1976).

This record does not substantiate Homan's contention that his rating was arbitrarily made. Rather, the

record reveals that Stanley approved the rating after conversations with Homan and observations and evaluations by Printz, Monaghan, and Homan's department head, all of whom recommended an unsatisfactory rating. The Superintendent's records and testimony at the hearing detailed the specific areas in which Homan's performance was deficient including preparation of lesson plans, maintenance of student records, maintenance of good working relations with the clerical and teaching staff, an incident of carelessness with confidential student records, and Homan's failure to implement a testing program that satisfied the guidelines set forth in the District's manual for counsellors. *Cf. Rosso v. Board of School Directors of the Owen J. Roberts School District, supra.* The District's witnesses were available for cross-examination by Homan who also introduced some evidence in rebuttal.

It is not this Court's function to judge the Board's wisdom in refusing continued employment to Homan but merely to ascertain whether its decision has adequate evidentiary support. The instant record evidences a thoughtful and conscientious attempt by Stanley to rate Homan's performance, not one undertaken arbitrarily or capriciously, and a decision by the Board that is supported by substantial evidence. *See Kasper v. Girard School District*, 25 Pa. Commonwealth Ct. 552, 361 A.2d 471 (1976); *Acitelli v. Westmont Hilltop School District, supra.*

Accordingly, we

ORDER

AND Now, this 15th day of August, 1979, the order in the above captioned case dated July 25, 1978, by President Judge DONALD O'MALLEY of the Susquehanna County Court of Common Pleas is hereby affirmed.