Karen Kudasik, Appellant *v.* Board of Directors, Port Allegany School District, Appellee.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Shelley W. Elovitz,* for appellant.

*Edward N. Stoner, II,* with him *Thomas P. Lawton, III,* and *Reed, Smith, Shaw & McClay,* for appellee.

PER CURIAM OPINION, August 29, 1979:

In *Kudasik v. Port Allegany School District*, 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976), we held that Karen Kudasik, a temporary professional school employee, was entitled to a hearing prior to the termination of her services as a consequence of her being rated unsatisfactory by the school district's

superintendent. We expressly stated in our opinion the following:

> Following such a hearing, the School Board is required by Section 6 of the Local Agency Law, 53 P.S. §11306, to render a written adjudication which shall contain findings and the reasons for the adjudication and which shall be served upon all parties or their counsel personally, or by mail.

23 Pa. Commonwealth Ct. at 211, 350 A.2d at 889.

The Board of School Directors of the School District of Port Allegany (Board), upon remand of the case, did afford Karen Kudasik a hearing and thereafter took the following action, as reported in the minutes of the Board's special meeting of November 11, 1976:

> A motion was made by Mr. Johnson, seconded by Mr. Jestes as follows:
>
> > RESOLVED, that upon consideration of the unsatisfactory rating of Karen Kudasik's performance while employed as a temporary professional employee of this School District, upon consideration of the observations of Karen Kudasik's performance by Dr. Skelton and Mr. Ungerer, which were the basis for that unsatisfactory rating, and upon consideration of all the testimony given by all persons at the hearing held in this matter on June 4, 1976, THAT Karen Kudasik be terminated as a temporary professional employee of the Port Allegany School District.
>
> Mr. Stoner [legal counsel] explained the motion and what a Yes and a No vote represented and inquired if all of the members of

the Board had a clear understanding of the meaning of a Yes and a No vote.

Upon roll call, the vote on the motion was as follows:

| JoAnn Tyson | Nay |
| Robert Greene | Aye |
| Norman Preston | Aye |
| Gary Hardes | Nay |
| Richard Johnson | Aye |
| Boyd Jestes | Aye |
| Nancy Button | Nay |
| Harold Baker | Aye |
| Richard Lamb | Aye |

Mr. Stoner stated that on the basis of the Board's vote, Miss Karen Kudasik has been terminated as a temporary professional employee of the Port Allegany School District.

Mr. Stoner then asked if there were any other motions that were to be placed before the Board. Mr. Johnson stated that he had a second Resolution which was intended to state briefly the reasons that Karen Kudasik has been terminated. A motion was made by Mr. Johnson, seconded by Mr. Preston as follows:

RESOLVED, first, that Karen Kudasik was terminated because she was unsatisfactory as a teacher in the Port Allegany School District and, second, that the unsatisfactory rating given Miss Kudasik was justified according to the testimony given in the hearing on June 4, 1976.

Mr. Stoner explained the meaning of a Yes and a No vote and inquired if each of the Board members understood the meaning of a Yes and a No vote. He then called the roll and members voted as follows:

| | |
|---|---|
| JoAnn Tyson | Nay |
| Robert Greene | Aye |
| Norman Preston | Aye |
| Gary Hardes | Nay |
| Richard Johnson | Aye |
| Boyd Jestes | Aye |
| Nancy Button | Nay |
| Harold Baker | Aye |
| Richard Lamb | Aye |

Mr. Stoner declared that the motion had carried.

Mr. Stoner then asked if there were other motions to be brought before the Board.

A motion was made by Mr. Johnson, seconded by Mr. Greene as follows:

RESOLVED, that this Board's action to terminate Miss Kudasik taken as indicated by the letter of July 11, 1974, and after the Board meeting of September 11, 1974, is hereby ratified as having been correct.

Mr. Stoner explained the meaning of a Yes and a No vote and inquired if each of the Board members understood the meaning of a Yes and a No vote. He then called the roll and the members voted as follows:

| | |
|---|---|
| JoAnn Tyson | Nay |
| Robert Greene | Aye |
| Norman Preston | Aye |
| Gary Hardes | Nay |
| Richard Johnson | Aye |
| Boyd Jestes | Aye |
| Nancy Button | Nay |
| Harold Baker | Aye |
| Richard Lamb | Aye |

Mr. Stoner declared that the motion had carried.

Mr. Johnson moved that the meeting be adjourned. The meeting adjourned at 8:15 p.m.

We do not view the three resolutions approved by the Board to satisfy the requirements of Section 6 of the Local Agency Law[1] or of our directive in *Kudasik v. Port Allegany School District, supra,* that, following a hearing, the Board render a written adjudication which shall contain *findings of fact* and the reasons for the adjudication.

In *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975), our Supreme Court stated:

> When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence, and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied.

Reluctant as we are to again remand this case, we feel compelled to do so, in view of the requirements of Section 6 of the Local Agency Law, the direction and guidance given by our Supreme Court in *Page's Department Store v. Velardi, supra,* and the Board's

---

[1] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11306, repealed by Section 2(a) [1429] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202. A similar provision is now found in the Local Agency Law, 2 Pa. C.S. §555.

failure to comply with our earlier specific directive to render a written adjudication containing findings.

Order vacated and case remanded with directions that the Court of Common Pleas of McKean County remand the case to the Board of School Directors of the School District of Port Allegany for compliance with the requirements of Section 6 of the Local Agency Law, *formerly* found at 53 P.S. §11306.

PER CURIAM ORDER

AND Now, this 29th day of August, 1979, the order of the Court of Common Pleas of McKean County, dated December 8, 1977, dismissing the appeal of Karen Kudasik from her termination as a temporary professional employee of the Port Allegany School District is vacated, and this case is remanded with directions that that court remand the case to the Board of School Directors of the School District of Port Allegany for compliance with the requirements of Section 6 of the Local Agency Law, *formerly* found at 53 P.S. §11306.