Karen Kudasik, Appellant *v.* Board of Directors, Port Allegany School District, Appellee.

Submitted on briefs May 6, 1982, to Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellant.

*Edward N. Stoner, II,* with him *John B. Bechtol, Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., January 28, 1983:

Karen Kudasik, a school teacher, has appealed from an order of the Court of Common Pleas of Mc-Kean County affirming her dismissal from employment by the Board of Directors of the Port Allegany School District (School Board). The Court of Common Pleas heard the matter pursuant to Section 752 of the Local Agency Law.[1] The instant appeal is the third time this same matter has come before our Court.

Karen Kudasik graduated from college in 1973 with a bachelor's degree in education. Shortly thereafter, she was certified by the Pennsylvania Department of Education as a teacher in the area of elementary education. In January 1974, the School Board hired Miss Kudasik as a temporary professional employee to replace a teacher who had been transferred. Kudasik was assigned to teach a third level class at the Arnold Elementary School.

During the Spring of 1974, the principal of the elementary school and the Superintendent of the Port Allegany School District made a series of observations of Kudasik's classroom performance. Based on those observations, Karen Kudasik was given an unsatisfactory rating for the period from January to June, 1974. The rating was set forth on a "Professional and Temporary Employe's Rating Sheet," which was dated July 8, 1974 and signed by the Superintendent of the School District. As a result of the unsatisfactory rating, the School Board decided to terminate Miss Kudasik's services; and so advised her in a letter dated July 10, 1974. Upon receiving

---

[1] 2 Pa. C. S. §752.

the letter of termination Kudasik requested a hearing before the School Board.

On September 11, 1974, Miss Kudasik was given a hearing before a special meeting of the School Board. At that time Kudasik was questioned by her attorney, as was a witness called in her behalf. However, neither Karen Kudasik nor her witness was put under oath; and no transcript or record was made of their testimony. The School District presented no evidence. As a result of the hearing, or meeting, the School Board voted to affirm Kudasik's dismissal. Following an unsuccessful appeal to the Court of Common Pleas of McKean County, Kudasik appealed to our Court. We reversed the lower court and remanded the matter for a new hearing before the School Board. The reason for our remand order was that the School Board's hearing of September 11, 1974 did not comply with the requirements of the Local Agency Law.[2] *Kudasik v. Port Allegany School District,* 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976).

Pursuant to our mandate, the School Board conducted a new hearing on June 4, 1976. At that hearing, which was attended by seven of the nine Board members, the School District presented testimony and other evidence concerning the unsatisfactory rating that had been given to Karen Kudasik. Miss Kudasik also appeared, with counsel, and presented evidence in her own behalf.

At the new hearing, the main evidence in support of Kudasik's unsatisfactory rating consisted of the testimony of Mr. Ronald Ungerer, the principal of the school where she taught; and the testimony of Dr.

[2] The former Act of December 2, 1968, P.L. 1133, 53 P.S. §§11301 *et seq.*

Albert Skelton, the Superintendent of the School District.

Mr. Ungerer testified that he observed Karen Kudasik on April 11, 1974 for the purpose of formally evaluating her teaching performance. He also observed her on May 9, 1974, for that same purpose, and again on May 30, 1974. According to Mr. Ungerer, each of those classroom observations caused him to note that Miss Kudasik was deficient in pupil control and in curriculum organization. Ungerer also testified that, after each of his classroom observations, he conferred with the teacher to assist her in overcoming the problems he had observed, but saw no improvement by the end of the school year.

Dr. Skelton stated that he had been Superintendent for 17 years, and that his certifications qualified him to evaluate teacher performance. Dr. Skelton testified that he visited Miss Kudasik's classroom on May 6, 1974 to observe her for the purpose of a formal evaluation. On that occasion, Miss Kudasik was teaching reading and spelling to a class of 13 third level children. Dr. Skelton observed her for about 45 minutes that day, and made notes relative to her teaching performance. According to Dr. Skelton, the teacher was not using classroom time effectively, and was applying improper instructional techniques. The Superintendent also noted a deficiency in classroom control, and that the students were allowed to engage in undirected, random activity. Dr. Skelton further testified that on May 30, 1974, he conferred with Miss Kudasik about the deficiencies he perceived on May 6.

Dr. Skelton added that the unsatisfactory rating he gave Miss Kudasik reflected the evaluation Mr. Ungerer submitted to him in June 1974, at the end of that school year. Both Skelton and Ungerer told the

Board that the rating considered Miss Kudasik's lack of experience, and the fact that she began teaching at mid-year without much time for orientation.

Miss Kudasik testified that she felt she had taught to the best of her ability under the circumstances, and that she had adequately prepared and followed her lesson plans. She added that, in her view, her problems were caused by her newness at the school, and by the lack of adequate orientation before assuming her duties. She also attributed her difficulties to her discomfort with the school's team concept of teaching, and opined that her team leader did not like her. Miss Kudasik further testified that she sought to follow the recommendations of Dr. Skelton and Mr. Ungerer concerning their observations, and felt that she had corrected many of the deficiencies they had pointed out, especially in the area of classroom control. Miss Kudasik stated, moreover, that when she conferred with Dr. Skelton on May 30, 1974, he told her that her progress was satisfactory. The evidence in this case indicates that there was no observation of Kudasik after May 30, 1974; and, according to her, June 7, 1974 was the first time she was informed that she would receive an unsatisfactory rating.

In addition to her own testimony, Miss Kudasik presented four other school teachers as witnesses in her behalf. The testimony of those witnesses was, in the main, about discussions they had with Kudasik. Moreover, of those four witnesses, none had observed Karen Kudasik in a classroom; and none had a certified qualification to evaluate another teacher.

The hearing of June 4, 1976 was transcribed by a court reporter, and a copy of the transcription was supplied to each member of the School Board for consideration. Then, at a special meeting of the Board held on November 11, 1976, the matter of Karen

Kudasik's dismissal was put to the Board members in the form of a motion for her termination. The motion was stated in terms of being based on the unsatisfactory rating, and the testimony given at the hearing of June 4. 1976. By a roll-call vote of six to three, the Board decided in favor of the motion and to confirm the unsatisfactory rating. That vote was entered in the minutes of the meeting as the decision of the Board.

Following the School Board's decision at its special meeting of November 11, 1976, Karen Kudasik again appealed to the Court of Common Pleas of McKean County. The Court of Common Pleas again affirmed the School Board's decision, even though the Board's decision was not accompanied by any findings or reasons. From the trial court's order, Karen Kudasik once more appealed to our Court. We reversed the order of the trial court, and remanded the case for the School Board to render findings and reasons for its decision, as are required by the Local Agency Law. *Kudasik v. Port Allegany School District*, 45 Pa. Commonwealth Ct. 254, 405 A.2d 1320 (1979).

Pursuant to our mandate in the second *Kudasik* case *(Kudasik II)*, the School Board undertook to prepare a formal adjudication concerning its decision to terminate the services of Karen Kudasik. To that end, the Board had its legal counsel prepare a draft of proposed findings and conclusions; and, a copy of the draft was submitted to each School Board member for consideration. The proposed adjudication indicated that the Board accepted the testimony of Dr. Skelton and Mr. Ungerer, and that the Board found Karen Kudasik's evidence to be of little weight. The adjudication set forth factual findings that essentially tracked the testimony of Skelton and Ungerer.

The main findings were: that Dr. Skelton and Mr. Ungerer had formally observed Miss Kudasik on specified dates during the spring of 1974; that the observations resulted in Kudasik being evaluated deficient in certain areas of teaching, including instructional organization and classroom control; and that, as a result of those observations, Miss Kudasik was given an unsatisfactory rating and a recommendation for discharge.

As supporting reasons for the Board's decision to terminate Miss Kudasik, the proposed adjudication stated that the Public School Code of 1949[3] required the evaluation or rating of temporary professional employees, and that Dr. Skelton and Mr. Ungerer had the duty and the qualifications to make such evaluations. The adjudication further concluded that, under the evidence produced at the June 4, 1976 hearing, the evaluations of Karen Kudasik were objective and sufficient to justify the unsatisfactory rating and resultant discharge.[4]

The proposed written adjudication was next submitted to the vote of the School Board members at the Board's meeting of June 9, 1980. All nine of the Board members were present to vote on that occasion; and each member either had been present at the June 1976 evidentiary hearing, or stated that he or she had read the transcript of that hearing. The Board then voted, by a five to four margin, to adopt the proposed adjudication as the formal adjudication of the Board in the matter of Karen Kudasik.

[3] Act of March 10. 1949, P.L. 30, as amended, 24 P.S. §§1-101 et seq.

[4] It should be noted that in English v. North East Board of Education, 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975), we held that the failure of a temporary professional employee to maintain adequate classroom control warrants an unsatisfactory rating and dismissal.

Miss Kudasik responded to the School Board's adjudication with another appeal to the Court of Common Pleas of McKean County, and included a claim for back pay. Again, the trial court entered an order affirming the School Board's decision and dismissing Kudasik's action. From that order Miss Kudasik has filed this, her third appeal to our Court.

In a case such as this, we are required to affirm the School Board's decision unless the record reveals a violation of constitutional rights, an error of law, or that necessary findings of fact are not supported by substantial evidence. *Homan v. Blue Ridge School District*, 45 Pa. Commonwealth Ct. 89, 405 A.2d 572 (1979).

It is well settled that an unsatisfactory rating, given in accordance with Section 1123 of the Public School Code of 1949,[5] justifies the dismissal of a temporary professional employee. *Nicolella v. Trinity Area School District School Board*, 444 Pa. 544, 281 A.2d 832 (1971). In that regard, the school authorities have the burden of "going forward" with the records of the unsatisfactory rating and the persons whose observations were the basis for that rating. *Kasper v. Girard School District*, 25 Pa. Commonwealth Ct. 552, 361 A.2d 471 (1976). Such evidence establishes prima facie the validity of the rating and a discharge based on the rating. *Homan*. It then becomes the burden of the temporary professional employee to prove that the unsatisfactory rating, or the consequent dismissal, was fraudulent, arbitrary, capricious or contrary to law. *Young v. Littlestown Schools*, 24 Pa. Commonwealth Ct. 621, 358 A.2d 120 (1976).

With regard to the instant case, we must conclude that the school authorities satisfied their proof or

---

[5] 24 P.S. §11-1123.

procedural burden concerning the rating and dismissal of Karen Kudasik. At the School Board's evidentiary hearing of June 4, 1976, the Board had before it the official rating sheet Dr. Skelton had signed and written notes relative to Dr. Skelton's observation of Miss Kudasik. In addition, the Board heard the testimony of Dr. Skelton and Mr. Ungerer concerning their observations that produced the unsatisfactory rating. Karen Kudasik, on the other hand, presented no evidence to indicate that her unsatisfactory rating and consequent discharge were the result of fraud, arbitrariness, or were contrary to law.

For the reason set forth in this opinion, the order of the trial court is affirmed.

ORDER

AND Now, the 28th day of January, 1983, the order of the Court of Common Pleas of McKean County dated January 29, 1981, at No. 967 Civil Division, is affirmed.