617 A.2d 830

**Debra PHILLIS, Appellant,**

**v.**

**BOARD OF SCHOOL DIRECTORS OF MECHANICSBURG AREA SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Nov. 17, 1992.

Reargument Denied Jan. 11, 1993.

498

499

Debra K. Wallet, for appellant.

Richard C. Snelbaker, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

Debra Phillis (Phillis) appeals an order of the Court of Common Pleas of Cumberland County (trial court) dismissing her appeal from an adverse adjudication of the Board of School Directors of the Mechanicsburg Area School District (Board). The Board upheld the Mechanicsburg Area School District's (District) unsatisfactory rating of Phillis that resulted in the denial of tenure. We affirm.

The District hired Phillis to teach sixth grade in the elementary school for the 1988–89 school year. Under Section 1101 of the Public School Code of 1949 (Code), she was classified as a "temporary professional employee."[1] Section 1108 of the Code requires the District to rate Phillis twice a school year. For the 1988–89 school year, she received satisfactory ratings. The District asked her to return to teach at the intermediate school for the 1989–90 year. During the first semester of that year, Phillis received a satisfactory rating. However, her numerical scores were lower than her past scores, and the rating called for improvement in certain areas. In May 1990, she received an unsatisfactory rating and was dismissed.[2] If Phillis had received a satisfactory rating, she would have been entitled to tenure and the status of a "professional employee" under Section 1108(b) of the Code, 24 P.S. § 11–1108(b).[3]

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1101: "[T]he term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe who services have been terminated...."

2. Under Section 1108(a) of the Code, 24 P.S. § 11–1108(a), a temporary professional employee who has been rated unsatisfactory can be dismissed.

3. "A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district during the last four months of the second year of such service, as being satisfactory, shall thereafter be a 'professional employe' within the meaning of this article.... The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes." Section 1108(b) of the Code, 24 P.S. § 11–1108(b).

Because Phillis was not a tenured professional employee, she was not entitled to a Board hearing prior to her dismissal pursuant to Section 1122 of the Code, 24 P.S. § 11–1122.[4] Phillis, however, was entitled to and did request a hearing before the Board to challenge her unsatisfactory rating and dismissal under the provisions of the Local Agency Law.[5] At that hearing, the District introduced the official rating documents and presented the testimony of Leonard Ference (Principal Ference), the principal at the school where Phillis taught and the supervisor who gave her the unsatisfactory rating. Principal Ference testified that he was concerned with Phillis' performance throughout the year, how he addressed those concerns with Phillis, and the process he used to determine her rating. Phillis testified on her own behalf and presented other witnesses. The Board upheld the unsatisfactory rating and the resulting dismissal. Phillis appealed the Board's decision to the trial court.

Phillis contended that the Board erred in upholding the unsatisfactory rating because the decision was not supported by the evidence, and that the Board made errors of law in its conduct of the hearing. After allowing the Board to amend the record by formally introducing the anecdotal records,[6] the trial court dismissed Phillis' appeal. Phillis then filed this appeal.[7]

4. *See Bruckner v. Lancaster County Area Vocational–Technical Joint School Operating Committee,* 78 Pa.Commonwealth Ct. 314, 467 A.2d 432 (1983).

5. School districts are considered as "local agencies". 2 Pa.C.S. § 101. Because the provisions of the Public School Code do not provide a remedy for a dismissed temporary professional employee, the Local Agency Law applies. 2 Pa.C.S. § 752; *Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A.2d 832 (1971); *Fiorenza v. Board of School Directors of Chichester School District,* 28 Pa.Commonwealth Ct. 134, 367 A.2d 808 (1977).

6. The trial court gave Phillis the opportunity to file a brief challenging the admissibility of the anecdotal records. After reviewing Phillis' arguments, it ruled that the records offered were admissible.

7. A school board's adjudication will not be disturbed unless the record reveals a violation of constitutional rights, an error of law, or that necessary findings of fact are not supported by substantial evidence. *Homan v. Blue Ridge School District,* 45 Pa.Commonwealth Ct. 89, 405 A.2d 572 (1979).

Phillis contends that the District failed to meet its burden to prove the prima facie validity of the rating because it did not formally introduce supporting anecdotal records, that she was denied due process because she was not given notice of "charges" made against her, that the Board improperly did not allow her to introduce certain evidence at the hearing, and that the unsatisfactory rating was arbitrary and capricious.

In a hearing on an unsatisfactory rating requested by a temporary professional employee, there is a shifting burden of proof. As we stated in *Kudasik v. Board of Directors, Port Allegheny School District,* 71 Pa.Commonwealth Ct. 443, 450, 455 A.2d 261, 264 (1983):

> [T]he school authorities have the burden of 'going forward' with the records of the unsatisfactory rating and the persons whose observations were the basis for that rating. *Kasper v. Girard School District,* 25 Pa.Commonwealth Ct. 552, 555, 361 A.2d 471 (1976). Such evidence establishes prima facie the validity of the rating and a discharge based on the rating. Homan. It then becomes the burden of the temporary professional employee to prove that the unsatisfactory rating, or the consequent dismissal, was fraudulent, arbitrary, capricious, or contrary to law. (Citation omitted).

The burden is placed on the temporary professional employees because, due to their untenured status, they are not entitled to have the school district prove a statutory basis as it must do when it dismisses a tenured professional employee. Otherwise, there would be no difference between a tenured and a non-tenured employee for purposes of dismissal. *Young v. Littlestown Schools,* 24 Pa.Commonwealth Ct. 621, 632, 358 A.2d 120, 126 (1976).

In this case, the District introduced into evidence the rating sheets which were signed as being received by Phillis and approved by the District superintendent. Principal Ference also testified as to his rating process and the reasons for the unsatisfactory rating, referring to the anecdotal records made during the process. Phillis contends that the District did not meet its initial burden to make a prima facie case,

because it did not formally introduce the anecdotal records from its files at the Board's hearing. She contends that 22 Pa.Code § 351.26 [8] not only requires that anecdotal records must exist, it inferentially requires that anecdotal records must be formally introduced at the hearing to support the unsatisfactory rating. While the regulation does require that anecdotal records exist to support the rating in the event of a dismissal, it does not address how these records should be utilized by the District when a temporary professional employee requests a hearing. Nor do any other regulations require the District to formally introduce the anecdotal records at the hearing on the unsatisfactory rating.

Where the person who rated the temporary professional employee testifies and explains the rating process and the observations which were the basis of the rating, there is no need to introduce all the anecdotal records kept by that person during the rating process to make out the prima facie case. In *Kasper*, where the district produced the record of the ratings and the testimony of the persons whose observations formed the basis of the ratings, we held that the district had made the prima facie case of the validity of the ratings. *Kasper*, 25 Pa.Commonwealth Ct. at 555, 361 A.2d at 473. Similarly, in *Kudasik*, we found that the school district established the prima facie validity of its rating and dismissal once it introduced as evidence to the school board the rating sheet and the attached notes and the testimony of the supervisor. *Kudasik*, 71 Pa.Commonwealth Ct. at 451, 455 A.2d at 264. Because Phillis was a temporary professional employee, the introduction of the rating documents and the testimony of Principal Ference was all that was required of the District to make out a prima facie case and shift the burden to Phillis.

■ Even if the failure to introduce the anecdotal records is not fatal to the District's prima facie case, Phillis then argues that the records themselves are inadequate to support or

8. Section 351.26 of Title 22 of the Pennsylvania Code requires in subsection (c) that: "Whenever an unsatisfactory rating is given, it shall be supported by anecdotal records. The records shall include specific evidence likely to be important in the event of dismissal." The official rating form contains identical language.

justify the unsatisfactory rating.[9]   The anecdotal records admitted by the trial court include personal notes of Principal Ference's observations of and conferences with Phillis, notes from parents, Principal Ference's personal notes about contacts with parents, rating documents, submissions from Phillis, forms he requested she use, and correspondence between them.   Although at times Principal Ference's notes were difficult to read and follow, nonetheless, these anecdotal records establish that Principal Ference made numerous observations of Phillis' teaching and that specific problems with her teaching were identified and discussed with her.   Accordingly, the unsatisfactory rating was properly supported by anecdotal records.

Phillis also contends that she was denied due process because she was not given sufficient "notice" and because she was prohibited from admitting relevant evidence.   She argues that because the Board hearing led to an adjudication, she was entitled to notice containing a sufficient listing and explanation of charges against her so that she could adequately defend herself.   The concept of "charges" is not applicable because the notice required and resulting hearing is focused on the decision made by the District and not any actions for which the District has accused the temporary professional employee. The District only has to meet the requirements contained in the Local Agency Law, 2 Pa.C.S. § 553, which requires that notice of a hearing and an opportunity to be heard be provided before an adjudication is valid.   This notice requirement is met in the case of a temporary professional employee who is given an unsatisfactory rating and dismissed when the employee is given timely notice of the District's personnel decision and is allowed to request a full hearing within a reasonable time after the notice.   *Husted v. Canton Area School District*, 73 Pa.Commonwealth Ct. 380, 458 A.2d 1037 (1983). In any event, the notice of her dismissal did contain a list of problems identified with her performance which was the basis of the District action.   Moreover, she was promptly allowed to

9.  Phillis did not submit to us in her statement of the issues the issue of whether the trial court erred in admitting the anecdotal records.

see her personnel file containing the anecdotal records. Because she received all the notice she was entitled to receive, Phillis was not denied due process of law.

■ As to the second "due process" claim, Phillis argues that the Board erred by failing to allow her to testify about her prior ratings during the 1988–89 school year. The District admitted that Phillis had been rated satisfactory twice during that school year, but objected to Phillis' testimony on the contents of the evaluation involved or the evaluation process used by the rater, another principal within the District. The Board refused to allow the testimony because it was irrelevant to the issue of whether the unsatisfactory rating in May 1990 was arbitrary or capricious. We find no error or "due process" violation in the Board's exclusion of her testimony as to what the prior rater had said to her about her performance because it would have been hearsay. The prior rater's comments could only address her performance during a rating period not at issue and, as such, was irrelevant. Under these circumstances, the Board did not err in refusing to allow Phillis to testify on that matter.

■ Finally, Phillis contends that the Board's decision is not supported by substantial evidence because she met her burden of proving that the rating was arbitrary and capricious. The evidence presented by Phillis showed that there were some positive aspects of her performance; for example, that she had good relationships with some parents and that some other teachers felt her written lesson plans were adequate. The Board, who has the sole authority to decide credibility and weigh the evidence, believed Principal Ference's testimony that he observed her performance and identified specific problems with it. Moreover, although Phillis alleges that her rating was based on factors other than her performance, she did not present any evidence to support that allegation. Because there was substantial evidence to support the Board's findings that Principal Ference based the unsatisfactory rating on problems with her performance, and the

rating was not arbitrary and capricious, the trial court was correct in not disturbing the Board's decision.

Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 17th day of November, 1992, the order of the Court of Common Pleas of Cumberland County, dated June 28, 1991, No. 3220 Civil 1990, is affirmed.

KELLEY, Judge, dissenting.

I respectfully disagree with the majority. I believe the language of 22 Pa.Code § 351.26 clearly requires that anecdotal records are essential to support an unsatisfactory rating. Accordingly, where the unsatisfactory rating is challenged, the absence of an anecdotal record into the record establishes an insufficient record for substantial evidence on appeal. This provision of the Code necessitates the introduction and record of an anecdotal record to establish substantial evidence. Without anecdotal records there cannot be substantial evidence, as a matter of law.

Accordingly, I would reverse.