630 A.2d 968

Loretta STANA, Appellant,

v.

**BOARD OF PUBLIC EDUCATION OF
the CITY OF PITTSBURGH.**

Commonwealth Court of Pennsylvania.

Argued June 18, 1993.

Decided Aug. 19, 1993.

John A. Bacharach, for appellant.

Vicki L. Beatty, for appellee.

Before CRAIG, President Judge, FRIEDMAN, J. (P.), and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Loretta Stana (Stana) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) which affirmed a decision of the Pittsburgh Board of Education (Board) dismissing Stana from her employment with the School District of Pittsburgh (District).

The factual background of this matter is as follows. In August of 1980, Stana applied for a full time teaching position with District. Her name was placed on an eligibility list. Some time later, her name was removed from the list and in 1982, she instituted an action against District alleging that the removal of her name from eligibility was improper. The action was eventually settled and on February 18, 1987, the action was dismissed with prejudice. Under the terms of the settlement, District agreed to place Stana on its current eligibility list with seniority retroactive to 1982.

On August 27, 1987, District, by letter, informed Stana that she was "recommended to the Board of Public Education of the School District of Pittsburgh at its next meeting for appointment as a/an Temporary Professional ..."[1] (R.R. 169a) for the school year 1987–1988.

Stana accepted the position with District. During her employment, she was evaluated on several occasions by in room monitors pursuant to Section 1108 of the Public School Code of 1949 (Code).[2] During the second semester of the 1987–1988 year, she was given an unsatisfactory rating based upon classroom observations. As required by standard procedures, the Director of Personnel and the Superintendent of District were informed of the unsatisfactory rating. They determined that said rating was justified and, in turn, determined that Stana's employment with district would be terminated. Stana was advised of her unsatisfactory rating by certified mail within ten (10) days.

Stana requested a hearing before the Board contending that her dismissal was improperly based upon District's classification and rating of her as a temporary professional employee. On January 25, 1989, the Board entered its determination wherein it found that District's classification of Stana as a temporary professional employee was proper and that District's termination of her employment, based upon the unsatisfactory rating, was appropriate.

1. Section 1101(3) of the Public School Code, provides:

 (3) The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

2. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702. Section 1108(a) of the Code provides as follows:

 It shall be the duty of the district superintendent to notify each temporary professional employe, at least twice each year during the period of his or her employment, of the professional quality, professional progress, and rating of his or her services. No temporary professional employe shall be dismissed unless rated unsatisfactory, and notification, in writing of such unsatisfactory rating shall have been furnished the employe within ten (10) days following the date of such rating....

On appeal[3] Stana maintains that the Board erred in determining that her status within District was that of a temporary professional employee. Instead, she asserts that she achieved the status of a tenured professional employee,[4] as a matter of law, pursuant to Section 1108(b) of the Code.

Section 1108(b) provides:

(b) A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a "professional employe" within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth.

Stana contends that by virtue of the retroactive seniority status granted to her in the prior settlement with District she fulfilled the requirements of Section 1108(b) and attained the status of a tenured professional employee. We disagree.

**3.** We note that our scope of review is limited. We must affirm the local agency's determination unless the record reveals a violation of constitutional rights, an error of law or that the agency's necessary findings of fact are not supported by substantial evidence. *Homan v. Blue Ridge School District,* 45 Pa.Commonwealth Ct. 89, 405 A.2d 572 (1979).

**4.** Section 1101 of the Code defines "professional employe" as follows:
(1) The term "professional employe" shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

40 

██ Initially we note that there is no statutory basis for Stana's assertion that her seniority status, by law, conferred upon her tenured status. To the contrary, a teacher's seniority status merely determines the order in which a teacher can be laid-off or suspended. *See* 24 P.S. § 11–1125.1. Additionally, Stana's argument assumes that District intended, at the time of settlement, to waive the two year probationary period set forth at Section 1108 of the Code by granting her retroactive seniority status. However, the Board may only act as authorized by the legislature and there is nothing in the Code permitting the Board to forego the two-year probationary period and grant tenure status to an incoming employee. This Court has specifically held that a school district does not have authority to waive the two-year probationary period provided in Section 1108. *See George v. Department of Education,* 15 Pa.Commonwealth Ct. 239, 325 A.2d 819 (1974).

██ Here, it is clear that District informed Stana of an available position as a temporary professional employee; Stana accepted the position; she was evaluated in accordance with Section 1108; and she was informed of her unsatisfactory rating within the time period proscribed in Section 1108.

Also, we find that there was substantial evidence to support the Board's conclusion that Stana's unsatisfactory rating was appropriate. Accordingly, having found that no errors of law were committed, all findings were supported by substantial evidence and no constitutional rights were violated, we will affirm the order of the trial court.

## ORDER

AND NOW, this 19th day of August, 1993, the order of the Court of Common Pleas of Allegheny County dated November 9, 1992 is affirmed.